RECEIVED
IN ALEXANDRIA, LA
JUN 1 6 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| STEPHEN R. LINZAY | CIVIL ACTION NO. 06-0061-A |
|---|---|
| -vs- | JUDGE DRELL |
| NATIONAL POSTAL MAIL HANDLERS UNION LOCAL 312, ET AL. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a Motion to Dismiss Plaintiff's complaint filed by Defendants Steven Taylor, Ed Trip and Cora Franklin (collectively "Moving Defendants"). (Doc. 6). The Moving Defendants bring their motion pursuant to Fed. R. Civ. P. 12(b)(1), which permits a court to dismiss a plaintiff's claims if the court "lacks jurisdiction over the subject matter." Plaintiff Stephen R. Linzay opposes the Motion. (Doc. 8). After reviewing the pleadings and applicable law, Defendants' Motion will be GRANTED.

Background

Plaintiff, a member of the National Postal Mail Handlers Union Local 312 (the "Union"), brought suit, alleging that Defendants, the Union; Ed Trip, former Branch President of the Union, Cora Franklin, former Shop Steward of the Union; and Steven Taylor, President of the Union, failed to fulfill statutory and/or contractual obligations, thereby violating the Labor Management Relations Act,

29 U.S.C. § 141 et seq. (Doc. 1). Plaintiff claims we have jurisdiction over this matter pursuant to 29 U.S.C.A. § 185(b).

In response to Plaintiff's allegations, the Moving Defendants claim that, as individuals, they cannot be held liable for breaches of the duty of fair representation by the Union and, therefore, the claims against them must be dismissed. (Doc. 6). The basis of the Moving Defendants' assertion is that Plaintiff's claims arise under the Postal Reorganization Act, 39 U.S.C. §1208(b), the parallel provision to 29 U.S.C.A. § 185(a).[1] (Doc. 6). The Moving Defendants also claim that 39 U.S.C. §1208(c) only allows Plaintiff to sue the Union and not its officers. Therefore, according to the Moving Defendants, they are individual officers, are not proper defendants, and should be dismissed. (Doc. 6).

Law and Analysis

39 U.S.C.A. § 1208(b) provides:

Suits for violation of contracts between the Postal Service and a labor organization representing Post Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy.

39 U.S.C.A. § 1208(c) provides:

A labor organization and the Postal Service shall be bound by the authorized acts of their agents. Any labor organization may sue or

---

[1] We note that Plaintiff, in his opposition to the Motion to Dismiss, never disagrees that § 1208, not § 185, governs these proceedings.

2

be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforcible [sic] only against the organization as an entity and against its assets, and shall not be enforcible [sic] against any individual member or his assets.

Although the Moving Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1), the appropriate standard to be applied here is that of Rule 12(b)(6), that Plaintiff failed to state a claim upon which relief can be granted. A court is required to convert a Rule 12(b)(1) Motion to Dismiss into a Rule 12(b)(6) motion or a Rule 56 motion for summary judgment when resolution of the jurisdictional question is intertwined with the merits of the case. Holt v. United States, 46 F.3d 1000 (10th Cir. 1995). See also Capers v. Henderson, 153 F.Supp. 2d 846 (E.D. La. 2001); Cupit v. United States, 964 F.Supp. 1104 (W.D. La. 1997). The jurisdictional question is deemed to be intertwined with the merits of the case, if the same statute which provides the court with subject matter jurisdiction, also forms the basis of the substantive claim. Id. Because this suit arises under § 1208 and that statute provides us with subject matter jurisdiction over this claim, we will treat the Moving Defendants' motion as one arising under Rule 12(b)(6).

Section 1208(c) is clear: while a money judgment is enforceable against a labor organization, it is not enforceable against individual members of the organization. See Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S. Ct. 1318

(1962);[2] McCreary v. Potter, 273 F.Supp. 2d 106 (D.D.C. 2003); Husowitz v. American Postal Workers Union, 190 F.R.D. 53 (E.D.N.Y. 1999); Sullivan v. Potter, No. 05-0818, 2006 WL 785289 (D.D.C. March 28, 2006). Because Plaintiff only seeks monetary damages, rather than injunctive or declaratory relief, and he cannot collect damages from individuals, the Moving Defendants, named as individuals in this action, must be dismissed.

Therefore, considering the preceding analysis, the Motion to Dismiss filed by Defendants Steven Taylor, Ed Trip and Cora Franklin will be GRANTED and Plaintiff Stephen R. Linzay's claims against these Defendants will be DISMISSED WITH PREJUDICE.

SIGNED on this 16th day of June, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[2] Atkinson was decided under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185, which applies to private sector litigants only. However, case law developed under § 301 is applicable to actions brought under § 1208. Gibson v. U.S. Postal Serv., 380 F.3d 886 (5th Cir. 2004).