UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION
_____

| | |
|---|---|
| **STEPHEN R. LINZAY** | **CIVIL ACTION NO. 06-0061-A** |
| -vs- | **JUDGE DRELL** |
| **NATIONAL POSTAL MAIL HANDLERS UNION LOCAL 312, et al.** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before the Court is a motion for summary judgment filed by defendant National Postal Mail Handlers Union Local 312 ("Local 312"), regarding the claims of plaintiff Stephen R. Linzay ("Linzay"), a member of the union and an employee of the United States Postal Service ("USPS"). Because we find that the statute of limitations has run as to some of Linzay's claims, we grant the motion in part and deny it in part.

### BACKGROUND

Linzay alleges violations of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq., by Local 312 from January 2004 through January 17, 2006, the date complaint was filed. Specifically, Linzay alleges that Local 312

> failed to fulfill their statutory and/or contractual obligations under the Collective Bargaining Agreement (CBA) between the union and the post office including, but not limited to: failing to file grievances as requested by the plaintiff/employee, failing to investigate and

>pursue properly filed grievances due to defendants' mistreatment of the plaintiff/employee, failing to forcefully advocate on behalf on [sic] the plaintiff/employee in disputes with the employer, failing to conduct adequate investigations of the conduct of the union representatives by supervisory officials during the appeals process and engaging in collaboration and collusion with management.

(Doc. # 1, p. 2). Particularly at issue are approximately 14 grievances filed by or on behalf of Linzay between January 1, 2004 and January 17, 2006, as well as conduct not included in the grievances. Linzay seeks compensatory damages including "lost wages, lost vacation pay/time, mental anguish and costs associated with litigation/legal consultation." (Doc. # 1, p. 3).

In its motion for summary judgment, Local 312 argues that at least a portion of Linzay's claims were not filed timely and should be dismissed. Alternatively, it argues that Linzay is unable to prove even one of the two required elements of his claim. (Most notably, Local 312 argues that it handled Linzay's grievances reasonably.) In response, Linzay argues that there are genuine issues of material fact as to whether Local 312 gave him notice of the disposition of various grievances and, in turn, whether the statute of limitations had begun to run or somehow should be equitably tolled. Linzay further argues that there is a genuine issue of material fact as to whether Local 312's handling of his grievances was reasonable.

## APPLICABLE LAW

In his complaint, Linzay asserts that the action arises under the Labor Management Relations Act ("LMRA"), in particular 29 U.S.C. § 185(b). We agree

2

with this characterization and analyze the case accordingly.  Section 185 (§ 301 of the LMRA) establishes a so-called "hybrid § 301/fair representation claim," which the Supreme Court has explained as follows:

> It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement. Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement.  Subject to very limited judicial review, he will be bound by the result according to the finality provisions of the agreement.  In <u>Vaca</u> and <u>Hines</u>, however, we recognized that this rule works an unacceptable injustice **when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation**. In such an instance, an employee may bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding. Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.[FN14]
> "Yet the two claims are inextricably interdependent.  **'To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.'** " <u>Mitchell</u>, 451 U.S., at 66-67, 101 S.Ct., at 1565-1566 (Stewart, J., concurring in the judgment), <u>quoting</u> <u>Hines</u>, 424 U.S., at 570-571, 96 S.Ct., at 1059.  **The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.** The suit is thus not a straightforward breach of contract suit under § 301, as was <u>Hoosier</u>, but a hybrid § 301/fair representation claim, amounting to "a direct challenge to 'the private settlement of disputes under [the collective-bargaining agreement].' " <u>Mitchell</u>, 451 U.S., at 66, 101 S.Ct., at 1565 (Stewart, J., concurring in the judgment), <u>quoting Hoosier</u>, 383 U.S., at 702, 86 S.Ct., at 1111. . . .
>
>> [FN14]. The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow

3

> a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually or to select a minority union as their representative. In such a system, if individual employees are not to be deprived of all effective means of protecting their own interests, it must be the duty of the representative organization "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). The duty stands "as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law." Vaca, 383 U.S., at 182, 87 S.Ct., at 912.

DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163-65 (1983) (most citations omitted, except those relating to direct quotes) (emphasis added). Federal courts retain jurisdiction "over a fair representation claim regardless of whether it is accompanied by a breach-of-contract claim against an employer under § 301." Breininger v. Sheet Metal Workers Intern. Ass'n Local Union No. 6, 493 U.S. 67, 84 (1989). Indeed, "breach of the duty of fair representation is a cause of action separate from the claim against the employer." Id. at 435 note 8.

Under DelCostello, claims for breach of the duty of fair representation are subject to a six-month statute of limitations period under Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). "The statutory period begins to run when the plaintiff either knew or should have known of the injury itself, i.e., the breach of duty of fair representation, rather than of its manifestations." Barrett v. Ebasco Constructors, Inc., 868 F.2d 170, 171 (5th Cir. 1989) (citing Farr

4

v. H.K. Porter Co., 727 F.2d 502, 505 (5th Cir. 1984)).  However, as the Fifth Circuit has explained:

> Equitable tolling is an exception to the general rule that an employee has six months to sue from the discovery of the breach of the duty of fair representation. The rationale for it is that because some plaintiffs must exhaust internal contractual remedies ( e.g. the grievance process) before suing, it would be unfair to say that the plaintiffs' claim is barred by limitations if, while the grievance is pending, the six-month federal statute of limitations expires.

Lee v. Cytec Industries, Inc., 460 F.3d 673, 676 (5th Cir. 2006) (citing Frandsen v. Bhd. of Ry., Airline & S.S. Clerks, 782 F.2d 674, 681-84 (7th Cir.1986)) (footnote omitted).

The doctrine of equitable tolling in this context is unsettled, particularly in the Fifth Circuit.[1]  However, in Lee, the Fifth Circuit stated that a claimant "had to sue within six months of the time it became obvious that the union had rejected his claim." Lee, 460 F.3d at 677.  Thus, even taking into account the doctrine of equitable tolling, we rule that here the six-month statutory period began to run when the employee had notice or otherwise knew that the grievance process has terminated.

---

[1] See, e.g., James Lockhart, When Is Six-Month Limitations Period, Applicable to Employee's "Hybrid" Action Against Employer and Union Under § 301 of Labor Management Relations Act of 1947 (29 U.S.C.A. § 185), Subject to Tolling or Equitable Modification Due to Pendency of, or Employee's Pursuit of, Contractual or Internal Union Remedies, 17 A.L.R. Fed. 2d 523 (2007) (citing, among dozens of cases nationwide, just one district court case and no appellate cases from the Fifth Circuit).

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

**APPLICATION**

<u>I.  TIMELINESS OF LINZAY'S CLAIMS</u>

As explained above, the statute of limitations for Linzay's claims for Local 312's alleged breach of the duty of fair representation is six months.  Taking into account the Fifth Circuit law on equitable tolling, that period began to run when Linzay had notice or otherwise knew that Local 312 had breached its duty. Because Linzay filed suit on January 17, 2006, a claim was filed timely only if Linzay had not discovered Local 312's alleged breach, the termination of the grievance process, by July 17, 2005.

Of the approximately 14 grievances filed between January 1, 2004 and January 17, 2006, at least one was not filed timely, and summary judgment should be granted as to it.  By March 22, 2004, Linzay knew that grievance AL-MH-04-6D, filed January 28, 2004, had terminated, as evidenced by a letter written by Mr. Linzay. (Doc. 26-10, pp. 2-5).  Thus, Linzay had notice well outside the statutory period, and his claim as to grievance AL-MH-04-6D was filed untimely. In addition, grievance AL-MH-04-2C, filed January 3, 2004, was voluntarily withdrawn by Linzay and, to the extent it is even at issue, summary judgment is appropriate and will be granted as to it.

As to the other grievances, some were raised or resolved after July 17, 2005 and therefore were filed timely under any standard.  These need not be discussed. However, the remaining grievances all raise genuine issues of material fact.

Although most of the material facts in this case are disputed,[2] in most cases the dispute essentially concerns whether Local 312 provided Linzay notice of the termination or resolution of the grievance process. For instance, Local 312 Branch President Edward Tripp has asserted that it was generally his policy to provide notice of the resolution of the grievance process to the grievant (Doc. 26-11, p. 17 [excerpt from deposition of Edward Tripp, pp. 34-37]), but the record is unclear as to whether he provided Linzay notice as to specific grievances. For his part, Linzay disputes that Local 312 provided notice. Although the Collective Bargaining Agreement provided timetables for the grievance process, these timetables could be and occasionally were extended by mutual consent of Local 312 and USPS. (See, e.g., Doc. 26-8, p. 14). Without clear evidence that Linzay knew of the resolution of the grievance process outside of the statutory period, we cannot make such a determination without making a credibility call between the testimony of different witnesses. Because of these genuine issues of material fact, summary judgment is inappropriate on this ground.

## II.  LINZAY'S BURDEN UNDER THE HYBRID § 301/DUTY OF FAIR REPRESENTATION CLAIM

Outside of the timeliness argument, Local 312 asserts that Linzay cannot satisfy his burden, under a hybrid § 301/duty of fair representation claim, of proving both that Local 312 breached its duty of fair representation and that USPS

---

[2]   Compare Doc. 26-14, Local 312's purported statement of undisputed material facts, with Doc. 33, Linzay's hotly contested response thereto.

breached the Collective Bargaining Agreement. Indeed, Local 312 argues that Linzay must fail on both prongs: on the first, because Local 312's actions were reasonable, and on the second, because Linzay cannot show that USPS breached the Collective Bargaining Agreement. These issues are clearly not appropriate for summary judgment, as they not only involve genuine issues of material fact but go to the very core of the various disputes in this case. These are issues that involve judgment calls by the trier of fact, rather than determinations of law on the Court's part. Thus, summary judgment is inappropriate on these grounds.

## CONCLUSION

For the foregoing reasons, Local 312's motion for summary judgment (Doc. 26-1) will be GRANTED IN PART as to grievance AL-MH-04-6D for failure to file timely and as to grievance AL-MH-04-2C for Linzay's voluntary withdrawal. As to the remaining claims, summary judgment will be DENIED because of the existence of genuine issues of material fact.

SIGNED on this 5th day of December, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge