U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 18 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| STEPHEN R. LINZAY | CIVIL ACTION NO. 06-0061-A |
| -vs- | JUDGE DRELL |
| NATIONAL POSTAL MAIL HANDLERS UNION LOCAL 312, et al. | MAGISTRATE JUDGE KIRK |

---

## ADDENDUM TO RULING

Following the pretrial conference held on December 13, 2007, we wish to clarify a point in our ruling (Doc. 36) on defendant National Postal Mail Handlers Union Local 312's ("Local 312") motion for summary judgment. At the pretrial conference, reference was made to the December 8, 2004 Settlement Agreement and Release and Waiver of Claims ("Settlement Agreement") between plaintiff Stephen R. Linzay and his employer, the United States Postal Service ("USPS"). Because some uncertainty was expressed at the pretrial conference, we reiterate here that the Settlement Agreement between Linzay and USPS does not affect Linzay's claims against his union, Local 312, for breach of the duty of fair representation.

As explained more fully in our previous ruling, the parties agree that Linzay is asserting hybrid § 301/duty of fair representation claims. Thus, Linzay must prove both that Local 312 breached its duty of fair representation <u>and</u> that USPS breached the collective bargaining agreement. However, he need not sue both parties, and only the

party actually sued, in this case Local 312, may be liable to him. The settlement agreement states, in relevant part:

> 1. The complainant's signature upon this agreement shall constitute a permanent and unconditional release and waiver by the complainant . . . of any and all claims arising from the complainant's employment relationship with the Postal Service to the extent such claims might arise from any and all events occurring up to and including the date the complainant signs this agreement.  In signing this agreement, the complainant understands that he is forever giving up all claims arising from the complainant's employment relationship with the Postal service to the extent such claims could be based upon any events that occur up to the time this agreement is signed by the complainant. **This waiver includes claims against the Postal Service and its agents, servants and employees.** The claims that the complainant is permanently waiving include, but are not limited to, those for front pay, back pay, compensatory damages, punitive damages, interest and claims for attorneys' fees . . . .
>
> 2. Complainant further understands and agrees that:
>
> * * *
>
> C. **He is, through this agreement, releasing the Postal Service from any and all claims he may have against the Postal Service** relating to the issues brought forth in this complaint . . . .

(Doc. 26-4, pp. 1-2) (emphasis added). Further, the agreement states:

> 5. It is agreed and understood that nothing in this agreement constitutes an admission by the Postal Service and its officers, employees and agents, either in an individual or employment capacity, or by complainant, that either party has violated any statute, rule, regulation or legal obligation. This agreement shall not be offered, used or admitted into evidence in any proceeding or litigation whether civil, criminal, arbitral or otherwise except for any actions to enforce the terms of this agreement. The parties enter into this agreement without any prejudice to their rights to raise any defense or argument in any other case not referenced or incorporated into this agreement.

(Doc. 26-4, p. 6).

We note at the outset that Linzay released only his claims against USPS and "its agents, servants and employees." (Doc. 26-4, p. 2). In the instant case, Linzay's claim

2

is against Local 312, which is not an agent, servant, or employee of USPS. Only Local 312 is potentially liable in the event Linzay is successful on the merits. In other words, even if Linzay proves that USPS <u>did</u> breach the collective bargaining agreement during the period covered by the Settlement Agreement, USPS would face no liability, because it is not a defendant in the instant case and could not be under the terms of the Settlement Agreement, at least not for covered claims. Thus, the Settlement Agreement between Linzay and USPS is not at issue here. Moreover, because the instant case is not an action "to enforce the terms of this agreement," (Doc. 26-4, p. 6) the Settlement Agreement is inadmissible.

In summary, the Settlement Agreement between Linzay and USPS does not affect Linzay's claims against Local 312 for breach of the duty of fair representation even for the period covered by the Settlement Agreement, i.e., the period up to and including December 8, 2004. Moreover, because Linzay does not assert a claim against USPS giving rise to liability, Linzay is not barred by reason of the Settlement Agreement from presenting evidence of USPS's breach of the collective bargaining agreement in connection with his hybrid § 301/duty of fair representation claim against Local 312.

SIGNED on this 18 day of December, 2007, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE